IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED SLAUGHTER, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-07-1158 |
| THOMAS H. UNGARD, JR., ET AL., | : | (Judge Jones) |
| Defendants | : | |

## MEMORANDUM

July 13, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This *pro se* civil rights action was filed by Alfred Slaughter ("Plaintiff"), an inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"). The complaint is accompanied by a request for leave to proceed *in forma pauperis*.[1] For the reasons set forth below, Slaughter's complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION:**

---

1. Slaughter completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of FCI-Allenwood to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

Named as Defendants are two (2) members of the Lycoming County, Pennsylvania Drug Task Force, Coordinator Thomas H. Ungard, Jr. And Assistant Coordinator Dustin Kreitz. Slaughter's complaint alleges as follows:

1. Plaintiff was found not guilty of § 21 U.S.C. 841(a)(1) count 10 of superceding indictment that would have provided the necessary nexus of seized currency.

2. Defendants seized currency which was not included in the indictment nor was Plaintiff put on notice of the officers intentions.

Doc. 1, ¶ IV. As relief, Plaintiff seeks monetary compensation.

### A. Standard of Review

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] The

---

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the

(continued...)

Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**B.   Analysis**

It is initially noted that a § 1983 action generally cannot be brought to vindicate a right to property where an adequate remedy exists under state law. See Parratt v. Taylor, 451 U.S. 527, 543-544 (1981); Hudson v. Palmer, 468 U.S. 517, 532-533 (1984).

Following a jury trial before this Court, the Plaintiff was convicted of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack), (21 U.S.C. § 846) and possession with intent to distribute in excess of 50 grams of cocaine base (Crack), Aid and Abet (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2). See United States v. Slaughter, 4:03-CR- 43, doc. 449. He was found not guilty on three (3) counts of the first superceding indictment. Slaughter was

---

2.   (...continued)
defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

sentenced by this Court on January 29, 2007 to a three hundred (300) month term of incarceration. See id.

During the course of those criminal proceedings, Slaughter filed a motion for return of property wherein he similarly requested the return of property including $700.96 in United States currency which was allegedly seized from him pursuant to the execution of a search warrant. By Memorandum and Order dated November 13, 2006, this Court denied Plaintiff's prior motion on the grounds that the property was not unlawfully seized. See id. at doc. 443. The Memorandum and Order additionally noted that this Court had remanded a forfeiture proceeding regarding that currency to the Court of Common Pleas. Accordingly, Slaughter was advised that if he wished to contest the seizure of the $700.96 the appropriate venue to do so was the Lycoming County Court of Common Pleas.

Pursuant to the prior determination rendered by this Court, the Plaintiff's present claim that Lycoming County law enforcement officials improperly seized an amount of United States currency from him must be raised in the forfeiture proceeding which was remanded to the Lycoming County Court of Common Pleas. Since Plaintiff's § 1983 complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will issue.

_____
John E. Jones III
United States District Judge